[L. A. No. 30414. In Bank. May 21, 1975.]

In re DAVID MARC GREENSTEIN on Disbarment.

**COUNSEL**

David Marc Greenstein, in pro. per., for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

**OPINION**

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar (board) that petitioner be disbarred.

Petitioner was admitted to practice in 1969. In October 1970, he was charged by indictment with three felony counts arising out of the dismantling of a Porsche automobile belonging to him. On May 14, 1971, he was charged with two additional felony counts, which were later consolidated with the earlier charges. Pursuant to a plea bargain, petitioner pleaded guilty to count 1 (conspiracy to commit grand theft, grand theft of an automobile, and destruction of insured property with intent to defraud the insurer, in violation of section 182, subdivision 1, of the Penal Code). That crime involves moral turpitude. Petitioner was sentenced to state prison for the term prescribed by law; but his sentence was suspended, and he was placed on probation for five years on condition that he spend six months in the county jail. He was released, on probation, after serving four months.

The proceeding herein is a conviction referral proceeding, pursuant to sections 6101 and 6102 of the Business and Professions Code and rule 951 of the California Rules of Court. Under section 6101, petitioner's conviction is conclusive evidence of his guilt; and hearings were held before a local administrative committee solely on the issue of the nature and extent of discipline to be imposed upon petitioner.

The committee, although acknowledging that ordinarily disbarment would be warranted, concluded that there were mitigating circumstances and that instead of being disbarred petitioner should be suspended for five years, but that execution of the suspension should be stayed on conditions, including actual suspension for the first three years and the obtaining by petitioner of psychiatric or psychological counseling. On its independent review of the evidence, however, the board, by a vote of nine to two, recommended that petitioner be disbarred. Petitioner contends that such discipline is too severe.

As has been pointed out by this court on innumerable occasions (see, e.g., *In re Bogart,* 9 Cal.3d 743, 748 (1) [108 Cal.Rptr. 815, 511 P.2d 1167]; *In re Plotner,* 5 Cal.3d 714, 716 (1) [97 Cal.Rptr. 193, 488 P.2d 385]), the burden is on petitioner to show that the board's recommendation is erroneous or unlawful; and he has failed to meet this burden.

The crime of which petitioner was convicted is a serious crime involving moral turpitude and clearly warrants disbarment. (*In re Bogart, supra,* 9 Cal.3d 743, 748 (3); *In re Smith,* 67 Cal.2d 460, 462-473 [62 Cal.Rptr. 615, 432 P.2d 231].) Circumstances which petitioner contends should mitigate the discipline are insufficient to justify making an exception.

It is therefore ordered that petitioner, David Marc Greenstein, be disbarred from the practice of law in this state and that his name be stricken from the roll of attorneys. It is also ordered that he comply with rule 955 of the California Rules of Court and that he perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of this order. This order is effective 30 days after the filing of this opinion.