[L.A. No. 30422. In Bank. Nov. 18, 1975.]

FRED KEE WONG, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

Ball, Hunt, Hart, Brown & Baerwitz, Douglas Dalton and Michael J. Maloney for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

**OPINION**

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar (board) that petitioner be disbarred. Petitioner was admitted to practice in January 1960 and has no prior record of discipline.

■ As has been pointed out by this court on innumerable occasions (see, e.g., *In re Silverton,* 14 Cal.3d 517, 523 [121 Cal.Rptr. 596, 535 P.2d 724]; *In re Greenstein,* 14 Cal.3d 387, 389 [121 Cal.Rptr. 255, 534 P.2d 1335]), the burden is on petitioner to show that the board's recommendation is erroneous or unlawful. Petitioner, however, has failed to meet this burden.

The record shows that in 1969 petitioner participated in a scheme to solicit from businessmen in the Chinese-American community of Los Angeles moneys to be paid to police officers of the city as bribes to permit illegal gambling to take place; that he personally dealt with persons known to him to be police officers of the city to obtain their cooperation, as well as the cooperation of a member of the Los Angeles City Council, in not enforcing the gambling laws in exchange for bribe moneys; and that he personally paid bribe moneys to the officers. As a result of his activities petitioner was indicted by the Los Angeles County Grand Jury on two counts of bribery of a police officer (Pen. Code, § 67), one count of conspiracy to commit bribery and gambling (Pen. Code, § 182, subd. 1), and one count of conspiracy to pervert and obstruct justice (Pen. Code, § 182, subd. 5).

Following a three-month trial petitioner's motion for acquittal on the ground of entrapment was granted, the trial court apparently concluding that such defense was available to petitioner because the police department had initiated the action by having two officers pose as corrupt policemen in order to determine whether any gambling was taking place in the Chinese-American community.

State Bar proceedings were instituted against petitioner in 1972 after his acquittal. At the hearing before the local administrative committee petitioner showed remorse for his conduct, characterized his acts as acts of bribery, dishonesty, and corruption, and conceded that at the time they were committed he did not possess the moral qualifications required of an attorney. He further admitted that if the defense of entrapment had not been available to him, he would have been convicted. Both the local administrative committee and the board recommended that petitioner be disbarred.

Petitioner contends that entrapment is a complete defense to him in this matter or, in the alternative, that if it is not a complete defense, it is an extenuating circumstance requiring a modification of the discipline recommended by the board.

In contending that entrapment is a complete defense to him herein, petitioner relies principally upon *Patty* v. *Board of Medical Examiners,* 9 Cal.3d 356 [107 Cal.Rptr. 473, 508 P.2d 1121, 61 A.L.R.3d 342], in which this court held that the defense of entrapment is applicable to a disciplinary proceeding of the Board of Medical Examiners of the State of California. In *Patty,* however, the entrapment was committed by the administrative agency's own investigators. Hence that matter involves a situation completely different from the one existing here, and language in *Patty* clearly implies that we were there concerned with deterring enforcement excesses committed by the *agency.*[1] The State Bar played no part in petitioner's entrapment, and he therefore cannot avail himself of the defense of entrapment in the disciplinary proceeding against him.

■ A State Bar disciplinary proceeding may be maintained even though the accused attorney has been acquitted on criminal charges covering the same facts or has obtained a dismissal of such charges. (See *Emslie* v. *State Bar,* 11 Cal.3d 210, 224 (10) [113 Cal.Rptr. 175, 520 P.2d 991]; *Zitny* v. *State Bar,* 64 Cal.2d 787, 790-791 (fn. 1) [51 Cal.Rptr. 825, 415 P.2d 521].) As stated by this court in *Best* v. *State Bar,* 57 Cal.2d 633, 637 [4, 5] [21 Cal.Rptr. 589, 371 P.2d 325]: "It is the general rule that the acquittal of an attorney in . . . a criminal proceeding constitutes no bar to the institution of disbarment proceedings based upon the same acts. [Citations.]

"It is apparent that the purposes of the two proceedings are vastly different. A criminal proceeding has for its purpose the punishment of the accused if he is found guilty. A disciplinary proceeding against an

---

[1] For instance, we said, among other things: " 'Sound public policy' and 'good morals' [citation] are incompatible with *entrapment of an innocent person into the commission of a crime in order to revoke his professional license* as clearly as they are incompatible with entrapment in order to obtain a criminal conviction. . . . The agency, no less than the court, must 'formulate and apply proper standards' . . . for enforcement of the law; neither should permit its officers 'to consummate illegal or unjust schemes designed to foster rather than prevent and detect crime.' . . .

". . . . If such an agency [one combining both investigative and adjudicative powers] *rejects entrapment as a defense, it in effect authorizes its investigators to entrap,* and encourages a shift of resources from the detection of illegal acts to the promotion of such acts. Public confidence in the administration of justice by such an agency cannot be sustained when that same agency in performing its investigative role employs methods contrary to ' "sound public policy" and "good morals." ' [Citation.]

"Moreover, *the use of entrapment techniques cannot be justified as necessary to a regulatory agency's fulfillment of its investigatory function.*" (Italics added; pp. 364-366 of 9 Cal.3d.)

attorney is not intended for his punishment, but is for the protection of the public, the courts, and the legal profession."

This court will ordinarily give serious consideration to the fact that criminal charges have resulted in the acquittal of an accused attorney. (See *Siegel* v. *Committee of Bar Examiners,* 10 Cal.3d 156, 178 (4) [110 Cal.Rptr. 15, 514 P.2d 967].) ■ However, since petitioner's acquittal was on the ground of entrapment, and he admitted that he would have been convicted if that defense had not been available to him, we cannot regard his acquittal as having any real significance; and we have concluded that his acts, clearly involving moral turpitude (see *In re Hanley,* 13 Cal.3d 448, 450 [119 Cal.Rptr. 5, 530 P.2d 1381]) and committed deliberately for purposes of personal gain, warrant his disbarment.

It is therefore ordered that petitioner be disbarred from the practice of law in this state and that his name be stricken from the roll of attorneys. It is also ordered that he comply with rule 955 of the California Rules of Court and that he perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of this order. This order is effective 30 days after the filing of this opinion.